# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ERICA COOK <br> 320 W. Third Street <br> Greenville, OH 45331 <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL RESERVE BANK OF CLEVELAND <br> 150 E. Fourth Street <br> Cincinnati, OH 45202 <br><br> Defendant. | Case No. 1:18-cv-14 <br><br> Judge |

## COMPLAINT AND JURY DEMAND

Plaintiff Erica Cook, by and through counsel, for her Complaint against Defendant Federal Reserve Bank of Cleveland ("Federal Reserve") states as follows:

### I.  PRELIMINARY STATEMENT

1. Ms. Cook brings this action to redress discrimination in violation of the Americans with Disabilities Act and the Rehabilitation Act.

2. This action arises out of Ms. Cook's employment with Federal Reserve.  Ms. Cook alleges that Federal Reserve unlawfully subjected her to discrimination because she suffers from migraines and Defendant treated her less favorably than non-disabled employees and subsequently terminated her from her position as a Police Officer.

3. Accordingly, Ms. Cook seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both her economic and non-economic injuries.

She also seeks liquidated and/or punitive damages, and her reasonable attorney fees and costs in prosecuting this matter.

## II. JURISDICTION AND VENUE

4. This Court's jurisdiction is invoked under the provisions of 28 U.S.C. § 1331, as Ms. Cook's claims arise under the Americans with Disabilities Act and the Rehabilitation Act.

5. Venue within this Court is appropriate because the events given rise to the claims occurred within the Southern District of Ohio.

## III. PARTIES

6. Plaintiff Erica Cook is a United States citizen and resident of Ohio. At all times relevant, she was employed by Federal Reserve as a Police Officer.

7. Defendant, Federal Reserve Bank of Cleveland serves the Fourth Federal Reserve District, which includes Ohio, western Pennsylvania, eastern Kentucky, and the northern panhandle of West Virginia. Federal Reserve is a state actor and "employer" as that term is defined in the Americans with Disabilities Act and the Rehabilitation Act.

## IV. ADMINISTRATIVE HISTORY

8. Ms. Cook has exhausted her administrative remedies. On October 13, 2016, Ms. Cook filed a timely charge of disability discrimination against Federal Reserve Bank of Cleveland with the Equal Employment Opportunity Commission ("EEOC") (473-2017-00058). She alleged that Federal Reserve's reasons for terminating her were pretext for illegal discrimination on the basis of her disability. Subsequently, the EEOC issued a Notice of Right to Sue on November 3, 2017. This action is brought within 90 days of the right-to-sue notice.

## V. STATEMENT OF THE CASE

9. On or about September 8, 2015, Ms. Cook began working for Federal Reserve as a Police Officer.

10. Ms. Cook has suffered from migraines since July 2006.

11. On June 16, 2016, Ms. Cook requested a leave of absence as an accommodation for her disability. The recurring migraines made work unsafe particularly because she carried a firearm.

12. Ms. Cook also kept her supervisors apprised of her condition during the leave. She called every night to report her absence and told the sergeant on duty that she was suffering from migraines.

13. On June 21, 2016, Federal Reserve sent Ms. Cook short-term disability paperwork ("STD") and requested that it be returned by July 7, 2016.

14. On June 26, 2016, Ms. Cook completed her portion of the STD form and provided the medical portion to her primary care physician, Dr. Yount, for completion. Dr. Yount completed the paperwork and signed it on July 6, 2016. Dr. Yount reportedly tried to submit the paperwork to the Federal Reserve via fax several times, but the Federal Reserve claims it did not receive the paperwork. The Federal Reserve received the paperwork July 12, 2016.

15. Knowing that Ms. Cook was actively working with her physician to get the STD paperwork submitted and knowing she was on a leave of absence for migraines, Federal Reserve nevertheless sent Ms. Cook a written warning, also on July 12, 2016, for her attendance and threatened her with termination.

16. When the Federal Reserve received Ms. Cook's STD paperwork, it rejected it because Dr. Yount had left one question blank, even though the one question was

3

repetitive of other questions. The Federal Reserve demanded that Ms. Cook provide a complete STD form by the close of business the next day. She did so.

17. Along with the completed STD paperwork, Dr. Yount's office included a handwritten note on the fax cover sheet stating that Ms. Cook had been cleared to return to work on June 21, 2016, but that she had elected to stay off of work because her migraines were bad, and she was awaiting an appointment with a neurologist. Dr. Yount nevertheless certified on the STD paperwork that Ms. Cook was unable to work until approximately September 6, 2016.

18. After reviewing the fax cover sheet, the Federal Reserve ignored the medical certification and accused Ms. Cook of being absent without leave. It ordered her to return to work on July 15, 2016.

19. Late on July 14, 2016, Ms. Cook was admitted to an emergency room for migraine headaches and was given a sedative. She called the Federal Reserve and told the sergeant on duty that she was being hospitalized for a migraine and would not be able to attend work the following day. She made the call more than 12 hours in advance of her shift, in accordance with policy.

20. When Ms. Cook did not report for her shift on July 15, 2016, the Federal Reserve terminated her employment, even though it knew she was hospitalized at the time due to her disability.

21. On or about September 23, 2016, Ms. Cook was cleared to return to work. She immediately notified Federal Reserve.

22. On or about October 5, 2016, Federal Reserve refused to reinstate Ms. Cook to her former position.

23. Federal Reserve's reasons for terminating Ms. Cook were pretext for illegal discrimination on the basis of her disability. As a result of Federal Reserve's illegal actions, Ms. Cook suffered lost wages, benefits, and emotional distress.

## VI. STATEMENT OF CLAIMS

### COUNT I – AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. § 12101 *et seq.*)

24. Ms. Cook hereby incorporates by reference the allegations set forth in paragraphs 1 through 23, as if fully set forth herein.

25. Ms. Cook suffers from a disability. The Federal Reserve was aware of that disability.

26. Ms. Cook requested reasonable accommodations for her disability, including, but not limited to, a brief leave of absence.

27. The Federal Reserve discriminated against Ms. Cook because of her disability by denying her a reasonable accommodation and by terminating her employment.

28. As a direct and proximate result of Federal Reserve's unlawful conduct, Ms. Cook has suffered injury and damage, and she is entitled to relief.

### COUNT II – REHABILITATION ACT
### (29 U.S.C. §§ 504 *et seq.*)

29. Ms. Cook hereby incorporates by reference the allegations set forth in paragraphs 1 through 28, as if fully set forth herein.

30. Ms. Cook suffers from a disability. The Federal Reserve was aware of that disability.

31. Ms. Cook requested reasonable accommodations for her disability, including, but not limited to, a brief leave of absence.

32. The Federal Reserve discriminated against Ms. Cook solely because of her disability by denying her a reasonable accommodation and by terminating her employment.

33. As a direct and proximate result of Federal Reserve's unlawful conduct, Ms. Cook has suffered injury and damage, and she is entitled to relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Cook prays for the following relief:

1. An award of compensatory damages for all economic damages suffered by Ms. Cook in an amount to be determined at trial;

2. An award of compensatory damages for all non-economic damages suffered by Ms. Cook in an amount to be determined at trial;

3. An award of punitive damages in an amount to be determined at trial;

4. An award of all Ms. Cook's costs and reasonable attorney's fees incurred in connection with this action; and

5. All such additional relief to which Ms. Cook is entitled.

Respectfully submitted,

s/ Brian J. Butler
Brian J. Butler (Ohio Bar No. 0082675)
Marc D. Mezibov (Ohio Bar No. 0019316)
MEZIBOV BUTLER
615 Elsinore Place Suite 105
Cincinnati, Ohio 45202
Telephone: (513) 621.8800
Telecopier: (513) 621.8833
bbutler@mezibov.com
mmezibov@mezibov.com

*Attorneys for Plaintiff Erica Cook*

## JURY DEMAND

Plaintiff Erica Cook demands that all issues of fact pursuant to the foregoing Complaint be tried to a jury.

s/ Brian J. Butler_____
Brian J. Butler (Ohio Bar No. 0082675)
